UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:17-cv-01185-JCH |
| GALEN INSURANCE COMPANY, GALEN INSURANCE MANAGEMENT COMPANY, INC., and DENNIS LOWRY | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Allied World Surplus Lines Insurance Company's Motion for Service by Publication, filed on June 26, 2017. (ECF No. 20.) Plaintiff seeks leave to serve defendant Dennis Lowry by publication, stating that it has failed to obtain personal service on Mr. Lowry despite its diligent efforts to do so. Plaintiff alternatively requests an additional 60 days in which to continue efforts to personally serve Mr. Lowry.

In March 2017, Plaintiff filed this action concerning certain professional liability insurance policies it had issued to defendants Galen Insurance Company and Galen Insurance Management Company (together, "Galen"). Plaintiff seeks to rescind those policies and, in the alternative, to obtain a declaratory judgment that there is no coverage under the policies in question, and that it is entitled to recovery money it has expended defending Galen, in connection with a wrongful termination suit filed by Mr. Lowry against Galen. (ECF No. 1.)

On March 29, 2017, Plaintiff mailed to Mr. Lowry a request to waive service pursuant to Federal Rule of Civil Procedure 4(d). Mr. Lowry failed to respond. On May 2, 2017, Plaintiff

1

requested that the Clerk of the Court issue a summons to Mr. Lowry. On May 3, 2017, the summons was issued and Plaintiff commenced efforts to personally serve Mr. Lowry through a process server. (ECF Nos. 5-7.) To this date, Plaintiff's efforts have been unsuccessful.

Under Federal Rule of Civil Procedure 4(e)(1), service upon an individual may be made pursuant to the law of the state in which the district court is located. Under Missouri law, service by publication is "allowed in all cases affecting a fund, will, trust estate, specific property, or any interest therein, or any res or status within the jurisdiction of the court." Mo. Rev. Stat. § 506.160(1). However, "service by publication will not support an in personam judgment unless the party sought to be subjected thereto has otherwise voluntarily entered his appearance." *Bueneman v. Zykan*, 52 S.W.3d 49, 58 (Mo. App. E.D. 2001).

Plaintiff argues that this action "affects an interest in a fund, and/or seeks to determine a 'status' within the jurisdiction," and that service by publication is therefore proper under section 506.160. Plaintiff further argues that "[a] declaratory judgment action regarding an insurance policy within the jurisdiction may be an in rem or quasi in rem proceeding, with the insurance policy deemed to be the res." (ECF No. 21.)

The Court initially notes that Missouri Rule of Civil Procedure 54.12 requires the moving party to file a statement verified by the party or by a person on behalf of the party stating (1) facts showing with particularity that a reasonable effort was made to obtain personal service or service by mail, and (2) "the last known address of the party to be served…" Mo. R. Civ. P. 54.12(c)(2). Upon review of the affidavits attached to Plaintiff's Motion, the Court finds that they technically fail to state the last known address of Mr. Lowry. In any event, the Court further finds Plaintiff's arguments regarding the propriety of service by publication in this matter unavailing. This insurance action is distinguishable from the types of cases in which

2

section 506.160 has previously been applied (e.g., actions in which a party seeks to quiet title to property physically located within the jurisdiction of the Court), and Plaintiff has not cited any relevant authority to support its proposition that application of section 506.160 is appropriate here. Given that any statute allowing service by publication must be strictly construed, *see Miller v. Jonesburg State Bank*, 174 S.W.3d 79, 81 (Mo. App. E.D. 2005), the Court declines to read section 506.160 so as to permit such service in this case. The Court will, however, grant Plaintiff additional time to personally serve Mr. Lowry.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Service by Publication (ECF No. 20) is **GRANTED in part**, and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff shall have an additional sixty (60) days from the date of this Order in which to continue efforts to personally serve Mr. Lowry.

Dated this 30th day of June, 2017.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE